IN THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI

OXFORD DIVISION

PAUL LEWIS and Minor Child, H.D.L.                                    PLAINTIFF

VERSUS                                          Civil Action No. 3:23cv056-MPM-JMV

DONNA FLOYD, in her individual capacity
Acting under the color of law, and
YOUNG WILLIAMS, Contractor for the
M.S. Dept. of Human Services
Division of Child Support Enforcement,
in the company's individual Capacity and
acting under the color of law                                        DEFENDANTS

---

### MEMORANDUM BRIEF IN SUPPORT OF SPECIAL APPEARANCE AND MOTION TO DISMISS

---

COMES NOW, Defendants, by and through counsel, and file this their Memorandum Brief in Support of Entry of Special Appearance to Contest the Sufficiency of Process, the Sufficiency of Service of Process, and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(6), respectively, and in support hereof would show as follows:

### I.

### PRELIMINARY STATEMENT

1

Defendants, Donna Floyd, in her Individual Capacity Acting Under Color of Law[1], hereinafter referred to as "Floyd", and Young Williams[2], Contractor for the M.S. Dept. of Human Services Division of Child Support Enforcement in the Company's Individual Capacity and Acting under the Color of Law, hereinafter referred to as "YoungWilliams," make this Fed. Civ. P. (12)(b)(4), 12(b)(5), and 12(b)(6) Motion to Dismiss the claims of the Plaintiffs as the Plaintiffs have failed to properly serve the Defendants with process and have failed to state a claim upon which relief can be granted by this Court.

## II.

### STATEMENT OF FACTS

YoungWilliams, P.C. is a corporation in good standing under the Laws of the State of Mississippi. Through is contract with the Mississippi Department of Human Services (MDHS), Child Support Division, YoungWilliams provides certain child support services to the various recipients of Title VI-D benefits under the Social Security Act. YoungWilliams has established offices throughout the State of Mississippi in accordance with their contract, including an office in Oxford, Mississippi.

Donna Floyd is an employee of YoungWilliams. Floyd is the District Manager[3] of the Oxford, Mississippi location of YoungWilliams.

---

1 Donna Floyd was named in the Petition and Complaint of Civil Rights Violation using the phrase "Donna Floyd, in her Individual Capacity acting under the Color of Law". In United States law, the term Color of Law denotes the "mere semblance of legal right," the "pretense or appearance of" right. Law Dictionary Fourth Edition, Steven H. Gifis, p. 86.

2 YoungWilliams, P.C., a Mississippi Corporation, is incorrectly identified in the Petition as Young Williams, Contractor for the M.S. {Mississippi} Dept. of Human Services Division of Child Support Enforcement.

3 District Manager is a title designated by YoungWilliams for the individuals in Floyd's role who are employed as Office Managers at the various locations of YoungWilliams. As a District Manager, Floyd is responsible for building operations and serves as an immediate supervisor to some of the employees housed in the Oxford office of YoungWilliams.

Paul Lewis (hereinafter "Lewis"), is the father of the minor child, H.D.L. On August 22, 2022 (the date of the incident in question), Paul Lewis was a recipient of Title VI-D Child Support Services under the Social Security Act. Specifically, Paul Lewis assigned his right to collect child support from the mother of the minor child, H.D.L., to the MDHS, Child Support Division.

On March 11, 2019, YoungWilliams established a policy prohibiting video and audio recordings in their Mississippi offices (the Policy).[4] The Policy provides that clients (i.e. Paul Lewis) are not permitted to record interviews or other encounters in any Mississippi Child Support Office, including those interactions in the office lobby or interview rooms. The Policy provides that all clients shall receive notice of the prohibition through an advisory flyer posted in the lobby and interview rooms of each office. It also provides that Staff shall inform clients of the Policy when Staff suspects a recording is being made. Further, it instructs Staff to terminate communication and request that the client leave the premises if he or she fails to comply with the Policy. MDHS approved enforcement of this policy in 2019.

On August 22, 2022, Lewis visited the YoungWilliams office in Oxford, MS. While in the office, Lewis attempted to video/audio record his interaction with YoungWilliams staff in violation of YoungWilliams' written and posted Policy. Staff members verbally advised Lewis twice of the Policy and asked him to turn off his recording devices. When Lewis refused the request a second time, Floyd asked that Lewis leave the premises as required by the written Policy. Lewis refused and began causing a disturbance. After consulting her superiors, Floyd contacted the Oxford Police Department for assistance. Officers from the Oxford Police Department responded and requested that Lewis turn off his recording equipment and/or leave the premises. When Lewis failed to comply with the Officers' instructions and continued his disruption, the Oxford Police

---

[4] A copy of the Memorandum setting forth the Policy and a copy of the posted flyer is attached hereto as Exhibit "A".

Officers charged Lewis with "disturbing the peace" and forcibly removed him from the YoungWilliams office.

YoungWilliams and Floyd are without knowledge of any events that occurred after Lewis was removed from the premises of YoungWilliams. Furthermore, neither Defendant pressed charges against Lewis after the incident. Said charges were contemplated and filed by the officers who observed Lewis' behavior. The actions of the Oxford Police Department and its officers were independent of YoungWilliams and made without further consultation with YoungWilliams, Floyd, or any other staff member.

On May 1, 2023, an individual unknown to Defendants entered the YoungWilliams premises located at 2550 West Jackson Ave, Suite 6, Oxford, MS 38655, carrying two separate Summons: one addressed to "Young Williams (Official Contractor for the M.S. Dept. of Child Support Enforcement (MDHS))", and one addressed to "Donna Floyd, 2550 West Jackson Ave., Suite 6, Oxford, MS 38652". The individual was instructed by the receiving staff member that she was unable to accept service of process. Said staff member consulted with Floyd (who was present in the building) and Floyd (who was without knowledge that she was individually named in the litigation) attempted to explain to the unknown process server that she was not authorized to accept service of process. The individual then placed both Summons (with copies of the Complaint attached) on the lobby counter and left the building.

### III.

### LEGAL ARGUMENT

#### A. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12 (B) (4)

Plaintiff's Summons was not proper and did not correctly name YoungWilliams, P.C. as a Defendant. Rule 4 of the Federal Rules of Civil Procedure governs the issuance and form of

4

summons to be served upon Defendants. Rule 4(b) mandates that the summons "be directed to the defendant" and state "the name and address of the party to be served." Fed. R. Civ. P. 4. In the instant case, the Summons is directed to "Young Williams (Official Contractor for the M.S. Dept. of Child Support Enforcement (MDHS))". The proper name of the Defendant is "YoungWilliams, P.C.". Accordingly, the matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficient process.

### B. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSAUNT TO FED. R. CIV. P. 12 (B) (5)

Plaintiffs' Complaint against Floyd and YoungWilliams should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

On May 1, 2023, an unnamed individual seeking to serve process entered the Oxford, Mississippi offices of YoungWilliams and asked if Donna Floyd was present in the building. Floyd appeared at the window, and the individual indicated that she was there to serve process. Not realizing that the Summons were addressed to both Floyd and YoungWilliams (and not MDHS), Floyd explained to the individual that she was not authorized to accept service of process on behalf of the State of Mississippi. She explained that process should be served upon the Mississippi Attorney General. The individual then stated that she was "with the Attorney General's office", and asked Floyd if her name was *Donna*. Floyd replied affirmatively and the individual placed several papers on lobby counter and exited the building.

#### a. *Federal and State Service Rules*

Fed. R. Civ. P. Rule 4(e) describes how to properly deliver a Summons and Complaint to a defendant. The Rule provides that an individual may be served by following the Summons delivery instructions for the state where the district court is located or by (a) delivering a copy to

the individual personally, (b) leaving a copy at the individual's abode, or (c) delivering a copy to an agent authorized by law to receive service of process.

Miss. R. Civ. P. 4(d)(1) echoes its Federal Rule counterpart in describing how to properly serve and individual. The Rule allows for service to be effective by (a) delivering a copy to the individual personally or by delivering a copy to an agent authorized by law to receive service of process, or (b) leaving a copy at the individual's abode.

When serving a corporation, Fed. R. Civ. P. Rule 4(h) requires that process be completed according to state law or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. In Mississippi, the Rule requires that the Summons and Complaint be delivered to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Miss. R. Civ. P. 4(d)(4).

>   b. *Service as to Floyd*

Process was insufficient as to Floyd because the individual serving process on behalf of the Plaintiff failed at her duties under the Mississippi and Federal Rules of Civil Procedure. Although Floyd, was in the building when the Summons and Complaint were delivered, and she had a conversation with the individual serving process, the individual failed to serve Floyd with the Summons and Complaint. Instead, the individual laid the Summons and Complaint on the counter adjacent to the desk of the receptionist and walked out.

The individual did not serve Floyd by delivering a copy of the Summons and Complaint to her personally. Nor did the individual deliver the documents to an agent authorized by Floyd to receive service. By leaving the documents on an open counter in the office lobby, the service

of process was insufficient, and the Plaintiffs' Complaint against Floyd should be dismissed under Fed. R. Civ. P. 12(b)(5).

### c. *Service as to YoungWilliams*

Just as the individual serving process failed to properly serve Floyd, she also failed to properly serve YoungWilliams, P.C. with the Summons and Complaint. As previously illustrated, the individual placed the summons on the counter next to the reception desk at the YoungWilliams Oxford, Mississippi location. At most, the individual left the Summons and Complaint with the receptionist in this office. (At the very least, the individual left the documents on a counter in an open lobby, without a designated recipient.) The receptionist is not an officer, a managing or general agent, or other agent authorized by appointment. In fact, no such individual works in the Oxford, Mississippi office.

YoungWilliams is a Mississippi Corporation with a registered agent authorized to accept service of process on its behalf. The receptionist, Floyd, or any other Oxford Mississippi YoungWilliams employee are not now and have never been authorized to accept service of process on behalf of the corporation.

The Mississippi Supreme Court has defined the word "agent" as used within Rule 4(d)(4) of the Mississippi Rules of Civil Procedure "[to] include only agents vested with some general authority and discretion, and not to extend to mere employees having no independent powers." *Saxony Mills v. Wagner & Co.,* 94 Miss. 233, 239, 47 So. 899, 901 (1908). In the instant case, Floyd told the process server she was not authorized to accept process. There can be no argument that the Plaintiffs believed that Floyd was an agent for YoungWilliams.

Therefore, the Complaint against YoungWilliams should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

### C. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED

PURSUANT TO FED. R. CIVIL P. 12 (B)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a Complaint for "failure to state a claim for which relief can be granted." A Court should "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F. 3d 503, 529 (5th Cir. 2004). However, the Court should not look beyond the face of the Complaint to determine whether the Plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F. 3d 772, 774 (5th Cir. 1999). The Plaintiffs must set forth facts to support the elements of the cause of action in order to make out a valid claim. *Hale v. King*, 642 F. 3d 492, 498 (5th Cir. 2011). The Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions. *Ferrer v. Chevron Corp.*, 484 F. 3d 776, 780 (5th Cir. 2007).

a. *Plaintiffs' Claims under Federal Criminal Statutes*

In their Complaint, the Plaintiffs allege violations of 18 U.S.C. §§241 and 242. These are criminal statutes and do not provide for private rights of action. *Chaney v. Races & Aces*, 590 Fed. App'x 327, 330 (5th Cir. 2014); *Agnew v. City of Compton*, 239 F. 2d 226, 230 (CA9 1956), cert. denied 353 U.S. 959, 77 S. Ct. 868, 1 L. Ed. 2d 910 (1957), overruled on other grounds, *Cohen v. Norris*, 300 F. 2d 24, 29-30 (CA9 1962). 42 U.S.C. §1983 provides a remedy for violations of federal statutes only if the statute themselves create a private right of action. *See Gonzaga Univ. v. Doe*, 563 U.S. 273 (2002). When the text and structure of the statute fails to provide an indication that Congress intends to create new individual rights, there is no basis for private suit. Therefore, 18 U.S.C. §§241 and 242 cannot be used as a predicate for Plaintiffs' 42 U.S.C. §1983 action. This claim should be dismissed.

b. *First Amendment Claims Against Defendants*

8

Plaintiffs' Complaint alleges that the Defendants violated Plaintiffs' First Amendment rights by (1) not allowing him to video record his interactions; and (2) asking him to leave the premises. However, "the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." *Hudgens v. NLRB*, 424 U.S. 507, 513, 96 S. Ct. 1029, 47 L. Ed. 2d 196 (1976).

YoungWilliams is a Mississippi Professional Corporation. It is a private, for-profit company. The First Amendment issues in the Plaintiffs' Complaint are not rights protected by the Constitution in the offices of a private corporation. For the reasons below, the Complaint should be dismissed.

i. Right to Video/Audio Record

Plaintiffs claim that Lewis' First Amendment rights were violated by the Defendants when he was prohibited from recording his interaction with employees at the YoungWilliams Oxford, Mississippi location. The First Amendment does not prohibit private individuals, companies or employers from restricting speech. Accordingly, because YoungWilliams is a private corporation with no governmental authority, it may regulate the ability/inability to record all matters in its offices.

To determine if Plaintiffs had a fundamental First Amendment right to video/audio record their interaction at the YoungWilliams Oxford, Mississippi office, one must first determine if YoungWilliams is a governmental entity. The United States Supreme Court has ruled that, where "the Government creates a corporation by special law for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of the directors of that corporation," the corporation is a Governmental actor for constitutional claims. *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 400, 115 S. Ct. 961, 974 (1995). *See also Sisti v. Fed. Hous. Fin. Agency,* 324 F. Supp. 3d 273, 278 (D.R.I. 2018). YoungWilliams is a private

9

corporation, created by a non-government individual for the furtherance of private, for-profit objectives. The corporation has a private board of directors and is owned by an individual non-government share holder. YoungWilliams has no governmental authority. The company has contracted with the State of Mississippi Department of Human Services to provide child support establishment and collection services to Mississippi recipients of Title IV-D benefits under the Social Security Act but serves MDHS and the people of Mississippi by following the terms of the controlling contract. As a private corporation, YoungWilliams has the right to restrict video/audio recording in its buildings without violating the First Amendment.

Considering the Complaint in a light most favorable to the Plaintiff, the Court could determine that YoungWilliams is a governmental entity and that it has a duty to abide by the bounds of the First Amendment as it relates to video/audio recording. If the Court so finds, we must next determine whether the YoungWilliams office constitutes a public forum, limited public forum, or nonpublic forum. *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F. 3d 747, 757-58 (5th Cir. 2010). The Plaintiffs' Complaint alludes to some extent that the YoungWilliams office lobby is a public forum simply because it has a public waiting room. Plaintiffs provide no authority for their assertions. Courts have generally held that the term "public forum" is limited to public spaces such as sidewalks, parks, and other areas designated for the free exchange of ideas by the government. YoungWilliams has never designated any office space or area within an office for the free exchange of ideas, nor has it opened any office space for unlimited public use. The YoungWilliams office and its lobby do not meet the criteria for a "forum" of any kind under this test.

If after this analysis the Court disagreed with the Defendants and determined that the Oxford, Mississippi office of YoungWilliams was a limited public forum, Defendants would argue

that the right to record matters is not an absolute right, and is subject to reasonable time, place and manner restrictions. *Kelly v. Borough of Carlisle*, 622 F. 3d 248, 251 (3d Cir. 2010). Speech restrictions are constitutionally permissible so long as they are reasonable in light of the purpose served by the forum and are viewpoint neutral. *Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S.788; 105 S. Ct. 3439 (1985); *Perry Education Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 45 (1983). In the instant case, the YoungWilliams Policy concerning audio/video recording was created years before the alleged incident to ensure the privacy of all YoungWilliams customers was protected. Because the Policy is viewpoint neutral and reasonable to protect the interest of all YoungWilliams customers, the Plaintiffs had no right to video/audio record their interactions with the Defendants, and Plaintiffs cannot support a claim under the First Amendment.

### ii. Request to Leave Premises

The Plaintiffs claim that Lewis' civil rights were violated when Floyd asked him to leave the premises and then engaged the Oxford Police Department to escort him from the office. However, neither YoungWilliams nor Floyd violated any rights owed to Lewis, under the Constitution or otherwise.

Mississippi businesses have the right to refuse to serve a customer and require him to leave for any reason other than an unlawfully discriminatory reason. See Miss. Code Ann. §97-23-17 (Rev. 2014); *Lee v. MGM Resorts Miss., Inc.*, 200 So. 3d 1129, 1138 (Miss. App. 2016); *Kelly v. Beau Rivage Resorts, Inc.*, 184 F. App'x 364, 365 (5th Cir. 2006). If a person is requested or ordered to leave a place of business in Mississippi but then refuses to do so, that person shall be guilty of a trespass. Miss. Code Ann. §97-23-17 (Rev. 2014). Here, the Defendants requested that Lewis leave their office after he created a disturbance; Lewis refused. The Defendants then sought the assistance of the Oxford Police Department to escort Lewis from the premises. The Defendants took no additional action after law enforcement arrived.

11

The Defendants properly exercised their right to remove Lewis from the premises under Mississippi statutory and case law. Under these same laws, Lewis had no right to remain on the premises after being asked to leave the office. Accordingly, neither Floyd nor YoungWilliams violated the Plaintiffs' civil rights by removing him from the premises.

### iii.  Defamation of Character

Plaintiffs use the phrase "defamation of character" in their Complaint but fail to expand upon their claim. Defendant is left only to assume what Plaintiff intended by including that allegation.

A Claim of Defamation requires that the Plaintiff establish four elements:

    a.  a false and defamatory statement concerning the plaintiff;

    b.  an unprivileged publication to a third party;

    c.  fault amounting at least to negligence on the party of the publisher; and

    d.  either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Chatham v. Gulf Pub. Co., Inc.*, 502 So. 2d 647, 649 (Miss. 1987).

Considering the pleadings in the light most favorable to the Plaintiffs, Defendant can only assume that Floyd's telephone call to the Oxford Police Department for assistance after Lewis' disruption and/or Floyd's statements in the "official affidavit statement" described by Plaintiffs in their Complaint are the actions for which the Plaintiffs claim defamation. If Defendants' assumption is correct, Plaintiffs' Complaint would fail as neither the telephone call nor the Floyd statement contain any "false and defamatory" statements. Truth is a complete defense to an action of defamation. *Fulton v. Mississippi Publishers Corp.*, 498 So. 2d 1215, 1217 (Miss. 1986); *Prescott v. Bay St. Louis Newspapers, Inc.*, 497 So. 2d 77 (Miss 1986). Additionally, the burden

to prove falsity of a statement is born solely by the Plaintiff. *Philadelphia Newspapers, Inc. v. Happs*, 475 U.S. 767, 776; 106 S. Ct. 1958, 89 L.E. 2d 783, 792 (1986).

The Plaintiff's complaint contains no claims that Floyd and/or Young Williams made a false and defamatory statement, at any time. Moreover, all information provided to the Oxford Police Department—whether on the phone or in a written affidavit—was completely accurate and truthful. The Plaintiff's allegation of Defamation of Character should be dismissed as it fails the first prong of the four-prong test.

### iv. False Imprisonment:

Plaintiffs' Complaint includes an ambiguous claim of False Imprisonment. The exact nature of the claim is unclear from the pleadings. It is also unclear whether Plaintiffs claim that both Plaintiffs were false imprisoned, or that the claim is to Plaintiff, Paul Lewis, individually. Because the pleadings indicate that only Plaintiff, Paul Lewis, entered the premises of Young Williams, we assume the claim belongs to Paul Lewis, individually.

Mississippi law has defined that to establish a claim of False Imprisonment, two elements must be proved: (1) detention of the plaintiff; and (2) unlawfulness of that detention. *Richard v. Supervalu, Inc.*, 974 So. 2d 944, 949 (Miss. Ct. App. 2008); *Alpha Gulf Coast, Inc. v. Jackson*, 801 So. 2d 709, 720 (Miss. 2001).

Plaintiffs present no support for the allegation that the Defendants detained either of them other than to state that, "Floyd called the Oxford Police Department…causing Paul Lewis to be arrested." Defendants did not press charges against Lewis and did not cause him to be arrested. Defendants did quite the opposite: Young Williams employees implored Lewis to leave the premises before Floyd resorted to contacting the Oxford Police for assistance. Lewis had several opportunities to depart the premises on his own before he was escorted away by the police.

Regardless, such actions (contacting the police for assistance) do not qualify as an unlawful detention under the law. Accordingly, Plaintiffs failed to establish the criteria for the False Imprisonment and this claim should be dismissed.

### v. Kidnapping:

Plaintiffs' Complaint attempts to also set forth an ambiguous claim for Kidnapping. Again, the exact nature of the claim and which Plaintiff (or both) is asserting the claim is unclear from the pleading. Further, Defendants find no tort for kidnapping under Mississippi law.

Kidnapping is a criminal offense in Mississippi. To prove criminal kidnapping under Mississippi Law, the State must prove that the Defendants (1) acted without lawful authority, and (2) with or without the intent to confine secretly, (3) forcibly seized and confined one or more of the Plaintiffs. Miss. Code. Ann. §97-3-53 (Rev. 2014).

Plaintiffs set forth no facts to support the required elements for a criminal kidnapping charge. As detailed in earlier paragraphs, Defendant specifically requested the Plaintiff, Paul Lewis, to remove himself from the premises before contacting law enforcement. The Oxford Police Department arrived, and again asked Lewis to leave the office. Lewis refused these requests. The Oxford Police Department then escorted Lewis from the office at which point the Defendants were no longer involved in the matter.

The Plaintiff's Kidnapping claim should be dismissed as there is no tort for kidnapping under Mississippi state law and at no point was the Plaintiff, Paul Lewis forcibly seized and/or confined by one or more of the Plaintiffs.

### vi. Due Process:

The Plaintiffs refer to several Constitutional Amendments relating to Due Process of law. Because they are proceeding *pro se*, we will assume that Plaintiffs are attempting to claim a Due Process argument both under the United States Constitution and the Mississippi Constitution.

14

Due process is guaranteed to every Mississippian by the fourteenth amendment to the United States Constitution ("No State shall . . . deprive any person of life, liberty or property without due process of law . . .) and art. 3, sec 14 of the Mississippi Constitution ("No person shall be deprived of life, liberty or property except by due process of law.")

The Plaintiffs do not elaborate on their due process claim(s) and do not point to any specific deprivation of rights. As a result, we are at a loss to determine whether they are making a substantive due process claim or a procedural due process claim, or both. Regardless, a "due process violation requires that the party be deprived of a protected property interest." *Mohundro v. Alcorn County*, 675 So. 2d 848, 852 (Miss. 1996). Plaintiffs fail to show said deprived protected property interest by the Defendants. Accordingly, Plaintiffs' due process claims must be dismissed.

## CONCLUSION

This Court should dismiss the Plaintiffs' Complaint against YoungWilliams, P.C. and Donna Floyd for insufficient process pursuant to Rule 12(b)(4), insufficient service of process pursuant to Rule 12(b)(5), and failure to State a Claim pursuant to Rule 12(b)(6).

RESPECTFULLY SUBMITTED:

<div style="margin-left:40%">

DONNA FLOYD, in her individual capacity
Acting under the color of law, and
YOUNG WILLIAMS, Contractor for the
M.S. Dept. of Human Services
Division of Child Support Enforcement,
in the company's individual Capacity and
acting under the color of law

BY: _____
THEIR ATTORNEY

</div>

STACEY SIMS BARBER, ESQ., #10544
YOUNGWILLIAMS, P.C.
P. O. Box 3180
Ridgeland, MS 39158
Telephone: (601) 818-6418
Telefax: (601) 353-6437
stacey.sims-barber@youngwilliams.com

CERTIFICATE OF MAILING

I, STACEY SIMS BARBER, pursuant to the Federal Rules of Civil Procedure, did mail by U.S. Mail, postage prepaid, a true and correct copy of this Memorandum Brief in Support of Motion to Dismiss to:

Paul Lewis & Minor Child of Paul Lewis (H.D.L.)
906 King Creek Drive, Apt. 5
New Albany, MS  38652

This the 31st day of May, 2023.

STACEY SIMS BARBER